**334**

Josef STEIN and Hugo Goitein, doing business under the firm name and style of Josef Stein, Libelants,

v.

**UNITED STATES LINES COMPANY, Respondent.**

United States District Court
S. D. New York.
March 9, 1955.

Bigham, Englar, Jones & Houston, New York City, for libelants, William F. Andersen, Pelham, N. Y., of counsel.

Kirlin, Campbell & Keating, New York City, for respondent, Alfred J. Skidmore, New York City, of counsel.

PALMIERI, District Judge.

Libelants seek to recover for soiling damage to a shipment of bales of wool tops carried on respondent's SS "American Defender," from Antwerp to Boston in August 1948. Of the 46 bales involved in the shipment, 15 were eventually sold as sound, and the remaining 31 bales are the subject matter of this action.

When the bales were delivered to respondent at the port of Antwerp, they were receipted for by respondent as in apparent good order and condition. The vessel arrived at Boston on August 16, 1948. On August 23, 1948, respondent delivered 45 of the bales to libelants' truckman, and respondent's employee noted the following in its delivery book: "Wrappers more or less torn." The respondent subsequently made a "Final Damage Report" relating to the 46 bales and it noted "all wrappers more or less torn." These wrappers were of burlap with a paper lining and were designed to protect the white wool tops from the soiling damage here involved. A professional cargo surveyor acting in libelants' behalf, examined the bales of wool tops on August 31, 1948 at a warehouse in Boston. He found as a general condition that the wrappers were torn, that the wool tops protruded, and that they were soiled by dirt. He further testified that this condition made them unsound and depreciated them in value. It was established at the trial that 31 of the 46 bales could not be sold as sound.

No evidence was adduced as to how the wrappers were torn, or where the wool tops sustained the soil dam-

age. Respondent's principal contention is that libelants have failed to sustain their burden of proof; first, because it has not been shown that the damage was caused by respondent; and second, because libelants have failed to establish a causal relationship between the torn wrappers and the soiling damage to the contents of the bales.

With respect to the first contention, I think it is enough to point out that the respondent's own records establish good order and condition of the merchandise at the time it was accepted for shipment, and the torn condition of the wrappers at the time of delivery to the truckman of libelant. There is no evidence of what the condition of the contents of the bales may have been at the moment of loading on the truck after arrival at Boston, but I think their damaged condition follows as a reasonable inference to be drawn from all the surrounding circumstances. The respondent called no witnesses but seeks to draw contrary inferences from the testimony of libelants' witnesses. I do not believe respondent's position is sound.

█ It was clearly established by libelants' proof that the burlap covering and paper lining were intended to protect the white wool tops from soiling damage. These wrappers were torn and hook holed while in respondent's custody; and eight days after leaving respondent's custody, the wool tops were found soiled by dirt at the places of the wrapper tears or holes and were thereby depreciated in value. It would be unreasonable to come to any conclusion other than that the wool tops were damaged and depreciated at the time the respondent delivered them to libelant's truckman. The damage to the contents may be inferred from the damage to the wrappers. See The Carso, 2 Cir., 1931, 53 F.2d 374, certiorari denied, Navigazione Libera Triestina v. Molinelli, Giannusa & Rao, Inc., 1931, 284 U.S. 679, 52 S.Ct. 140, 76 L.Ed. 574; Higgins v. Anglo-Algerian S. S. Co., 2 Cir., 1918, 248 F. 386.

█ But even assuming that the soiling occurred only after delivery to the truckman as a result of damage to the wrappers caused while in respondent's custody, the respondent is nevertheless liable. The damage by dirt, whether on the truck or at the warehouse, was a direct result of the damage to the protective covering of the wool tops while in respondent's custody. It was a direct result of the violation of respondent's obligation of proper delivery in a safe condition. See Carriage of Goods by Sea Act, 46 U.S.C. § 1303(2); United States v. Standard Oil Co. of California, 9 Cir., 1946, 156 F.2d 312. In Armco International Corp. v. Rederi A/B Disa, 2 Cir., 1945, 151 F.2d 5, steel plates damaged by acetic acid were intermingled upon discharge with steel plates which were sound and which had been carried in separate holds. The carrier was nevertheless held liable for the damage to the entire shipment on the ground that the damage which occurred ashore was the direct result of the negligence of the ship while the plates were on board.

Accordingly, I make the following findings of fact and conclusions of law:

### Findings of Fact

1. About August 3, 1948 at Antwerp, Gondrand Freres, S.A., delivered to respondent 46 bales Australian dry combed tops for carriage to Boston on the SS "American Defender"; a bill of lading was duly issued by respondent therefor reciting that the bales were in apparent good order and condition; and freight was paid by the shipper.

2. The 46 bales of wool tops were sold to libelants upon shipment against letter of credit of the Manufacturers Trust Company.

3. The SS "American Defender" carried the 46 bales of wool tops from Antwerp to Boston, arriving about August 16, 1948.

4. On August 23, 1948, at Boston, 45 of the 46 bales of wool tops were delivered by the respondent to Rapid Transit Co., a trucking company acting in be-

half of the libelants. Respondent delivered the remaining bale to a Public Stores truckman on August 28, 1948.

5. At the time of delivery of the 45 bales of wool tops to Rapid Transit Co., exception to the order and condition of the shipment was noted by respondent's employee as "wrappers more or less torn."

6. A report entitled "Final Damage Report," relating to the shipment of 46 bales of wool tops, and made by the respondent's employee on or about September 13, 1948, stated the nature and cause of damage to be "all wrappers more or less torn."

7. The shipment was trucked to Atlas Terminal Stores, a public warehouse, situated in Boston.

8. On August 31, 1948, the shipment was examined at Atlas Terminal Stores by a cargo surveyor, Robert S. Gale.

9. At the time of Gale's examination, the wool tops at the places of the torn and holed wrappers were soiled and depreciated in value.

10. The notation made on delivery to the truckman, "wrappers more or less torn," indicated damage to the contents of the nature claimed and it is inferred that some damage then existed.

11. Any increase in the soiling of the wool tops occurring between the point of delivery to the truckman and arrival in the warehouse was caused or contributed to by the torn and holed wrappings.

## Conclusions of Law

1. This Court has jurisdiction of the cause.

2. Libelants have legal status as alleged in the libel and were the owners of the 46 bales Australian dry combed tops at the time the shipment arrived at Boston.

3. Respondent was a common carrier and the owner of the SS "American Defender."

4. The wool tops were in good order and condition at the time of delivery to respondent at Antwerp.

5. At the time of re-delivery by respondent at Boston the said merchandise was damaged or, if not then damaged, became damaged by reason of a condition created by respondent.

6. Libelants have made out a prima facie case of liability on the part of respondent and respondent has not established a defense.

7. An interlocutory decree may be submitted with the usual reference to a Commissioner.